IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSEANN TORTORELLA, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 1:19-cv-23 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MS. L. OLIVER, et al., | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

Defendants' motion to dismiss (ECF No. 29) Plaintiff's Amended Complaint is pending before the Court. For the reasons discussed below, the Court will grant Defendants' motion.[1]

I. Procedural History and Factual Allegations

Plaintiff Roseann Tortorella (Tortorella), an inmate in the custody of the Pennsylvania Department of Corrections (DOC), commenced this civil rights action pursuant to 42 U.S.C. § 1983 against five employees of the State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs): Superintendent L. Oliver, Deputy Wagner, Sgt. Edwards, Captain Ace, and Corrections Officer Howe. ECF No. 6. Tortorella's original Complaint alleged the following: Oliver verbally threatened to place her in the Restricted Housing Unit (RHU); Edwards "jolted" and pinched her arm with sufficient force to leave bruises and cause her to experience pain radiating down her neck; Howe "grabbed at [her] arm" after she had been placed in handcuffs; Wagner spoke harshly to her and "handled herself improperly and inappropriately talking down

---
[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. 28 U.S.C. § 636(c). See ECF Nos. 16, 19. As discussed below, the Court has relied on certain matters outside of the pleadings in ruling on Defendants' motion, and therefore construed the motion as one seeking summary judgment based on Plaintiff's failure to exhaust administrative remedies. See Fed. R. Civ. P. 12(d).

1

to [her];" and after her family and lawyer called the abuse hotline on her behalf, Captain Ace told her that her complaint was "unfounded," that she would "never win this," and that he "make[s] the law here." ECF No. 6, p. 2.

In two supplements to her Complaint (ECF Nos. 8, 9) and an Amended Complaint (ECF No. 26), Tortorella added four additional employees of SCI-Cambridge Springs as defendants: Hearing Examiner Santana, Chief Hearing Examiner Zachary Molak, Correction Officer Dreischlaik and Lt. Deforce. Against Santana and Molak, Tortorella asserted claims based on deficiencies in the grievance and misconduct review process, and against Dreischlaik and Deforce she asserted verbal harassment claims.

The Defendants responded to Tortorella's pleadings by filing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). ECF Nos. 29, 30. Defendants assert three arguments: (1) Tortorella failed to exhaust available administrative remedies as to all of her claims; (2) Tortorella's pleadings fail to allege the personal involvement of Defendants Santana and Molak in any actionable conduct; and (3) Tortorella's allegations of threatening and abusive language fail to state a claim. ECF No. 30. By Order dated August 7, 2019, the Court directed Tortorella to respond to Defendants' motion. Because Defendants' motion included the Declaration of Michael Bell, a Grievance Officer in the DOC Secretary's Office of Inmate Grievance and Appeals (ECF No. 30-1), in support of Defendants' exhaustion argument, the Court's August 7, 2019 Order specifically notified the parties that the Court may treat the pending motion, in whole or in part, as a motion for summary judgment.:

> The parties are hereby notified that this pending motion may be treated, either in whole or in part, as a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010). The nonmovant is advised that in treating the motion to dismiss as a motion for summary judgment, the motion will be evaluated under

2

> the standard set forth in Rule 56 of the Federal Rules of Civil
> Procedure. The parties are on notice that failure to respond to the
> pending motion may result in the entry of judgment against the
> nonmovant.

ECF No. 33.

The Court's August 7, 2019 Order also advised Tortorella concerning the procedures for responding to a motion for summary judgment, including how to submit counter-affidavits or declarations in opposition to Defendants' motion. *Id.* Tortorella responded to Defendants' motion by filing an Answer and Brief, neither of which was sworn or included the alternative statement authorized by 28 U.S.C. § 1746. ECF No. 34, 35.

II. Standards of Review

Defendants' motion is based, in part, on Federal Rule of Civil Procedure 12(b)(6) and, in part, on Federal Rule of Civil Procedure 56. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (*citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In contrast to Rule 12(b)(6), Rule 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

4

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must to go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

While the foregoing principles and requirements apply to all federal court cases, *pro se* pleadings, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se complaint to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991).

III. Analysis

A. Tortorella has failed to exhaust her administrative remedies concerning her claims.

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (the "PLRA"), requires a prisoner to exhaust any available administrative remedies before she may bring a § 1983 action challenging the conditions of her confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be pleaded and proven by defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The grievance system utilized in Pennsylvania's prison system requires inmates to satisfy a three-step grievance and appeals process. *See* Grievance System Policy DC ADM-804; *Smith v. Sec. of Pa. Dept. of Corrections*, 2018 WL 279363, at *2 (W.D. Pa. Jan. 3, 2018). First, the inmate must "legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to 'initial review.'" *Smith*, 2018 WL 279363, at *2 (citing *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004)). Second, the initial review must be appealed to the Facility Administrator for a second level of review. *Id.* Finally, "the inmate is required to file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office")." *Id.* All three stages of review must be completed before a grievance is deemed administratively exhausted for purposes of the PLRA.

6

In this case, the record documents that Tortorella filed three grievances and four inmate request forms regarding the incidents described above. Those incidents took place in December 2018 and June 2019. As noted, Defendants have submitted the Declaration of Michael Bell, a Grievance Officer in the Secretary's Office, attesting that Tortorella did not appeal the denial of any grievance to his office during the years 2018 or 2019. ECF No. 30-1, p.3. Tortorella has not responded directly to the facts asserted in the Bell Declaration or otherwise disputed that she did not appeal the denial of any of her grievances to the Secretary's Office. Instead, her brief in response to Defendants' motion asserts that "prison officials 'manipulated' the grievance process in that they refused to give her forms while in the RHU and they lost or discarded forms while in the RHU...." ECF No. 35.

Tortorella's effort to excuse her failure to exhaust her administrative remedies fails for two reasons. First, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). Second, even if the Court were to consider the assertions in Tortorella's brief, they would not raise a genuine issue of material fact because they do not meet the substance of the Bell Declaration. Tortorella's brief does not identify the "forms" she was allegedly denied or who allegedly lost, discarded, or refused to provide the unnamed forms. The brief is also silent as to when this allegedly occurred. It provides no factual basis upon which an inference could be drawn that DOC personnel rendered her ability to appeal the denial of her grievances unavailable. Thus, Tortorella has failed to establish a genuine dispute concerning a material fact that would excuse her failure to exhaust

her administrative remedies, and the Defendants are entitled to judgment as a matter of law on that basis.[2]

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 29) is GRANTED. Tortorella's claims are dismissed, with prejudice. The Clerk is directed to mark this case closed.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 3, 2020

---

[2] Even if Tortorella had exhausted her administrative remedies, the claims against Defendants Wagner, Ace, Dreischlaik and Deforce would still be subject to dismissal because they are based exclusively upon allegations that these defendants verbally harassed or threatened her. Verbal harassment or threats of the nature alleged by Tortorella "will not, without some reinforcing act accompanying them, state a constitutional claim." *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995) (numerous citations omitted). The claims against Santana and Molak would also fail as they are based solely upon these defendants' roles as hearing officers. Tortorella alleges that during an unspecified hearing on December 11, 2018, Santana "pre-judged" Tortorella and declined to let her admit witness statements. ECF No. 8. At an unspecified date, Molak allegedly stated that he found no persuasive basis to conclude that the hearing examiner erred. ECF No 9. These allegations do not support the type of personal involvement necessary to support a claim against either defendant. *See Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013); *Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013).